```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


ROBERT LEAHY,                       )
                                    )
                                    )
     Plaintiff,                     )
                                    )
           v.                       )    1:14cv665(JCC/TRJ)
                                    )
COMPUTER SCIENCES CORP.,            )
                                    )
                                    )
     Defendant.                     )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Computer Science Corp.'s ("Defendant" or "CSC") Motion in Limine. [Dkt. 43.] For the following reasons, the Court will grant the motion.

### I. Background

Familiarity with the facts is presumed. (See 2/12/15 Mem. Op. [Dkt. 54].) Briefly, Robert Leahy ("Plaintiff") is a former employee of Computer Science Corp. ("CSC" or "Defendant"). He alleges that Defendant impermissibly terminated him because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"). (Compl. [Dkt. 1].) Defendant claims Plaintiff was fired for violating CSC's values, referred to by the acronym "CLEAR." A three-day jury trial is set to begin on March 3, 2015. [Dkt. 26.]

1

In this motion, Defendant seeks to exclude three types of evidence at trial. First, Defendant argues testimony regarding allegedly unprofessional behavior or comments by Jo Mason, the chief of staff to CSC CEO Mike Lawrie, not pertaining to age should be excluded because it is irrelevant, prejudicial, and will lead to unnecessary litigation of collateral issues. (Def.'s Mem. in Supp. [Dkt. 43-1] at 1.) Second, Defendant argues testimony from Jeffrey Baum, a CSC job applicant, should be excluded because Plaintiff first disclosed him as a potential witness after the close of discovery and such failure to disclose is not substantially justified or harmless. (*Id.*) Finally, Defendant seeks to exclude any evidence regarding Sunita Holzer's settlement of her claims against CSC beyond her personal knowledge. (*Id.*) Having been fully briefed and argued, this motion is ripe for disposition.

## II. Analysis

### A. Jo Mason's Non-Age Related Conduct

Defendant argues that any of Mason's non-age related conduct should be excluded from trial because it is irrelevant, prejudicial, and will lead to unnecessary litigation of side issues. Evidence of this conduct is contained in the deposition of Jacqueline Scott ("Scott"), Mike Lawrie's former executive assistant. (Def.'s Mem. in Supp. at 1-2.) In her deposition, Scott claimed that Mason misused company assets, treated other

2

employees poorly, and acted suspiciously of other employees. (*Id.* at 2.) Additionally, Scott claimed that Mason mishandled Scott's resignation and lied about the reasons Scott resigned. (*Id.*)

Under the Federal Rules of Evidence, evidence is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). In order to prevail on his claim of age discrimination, Plaintiff must show that he was terminated because of his age. 29 U.S.C. § 623(a)(1). Therefore, any evidence that Plaintiff may offer at trial must be tied to his claim that age was the motivating factor in the decision to fire him. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) ("It follows, then, that under § 623(a)(1), the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action.").

Here, any of Mason's alleged improper conduct that does not relate to her alleged age discrimination is irrelevant to Plaintiff's claim. Therefore, it must be excluded. *See Dockins v. Benchmark Commc'ns*, 176 F. 3d 745, 747-49 (4th Cir. 1999) (noting that none of plaintiff's evidence in opposition to summary judgment showed any age bias on the part of defendant). Additionally, such evidence is also excluded under Federal Rule

3

of Evidence 403, as any probative value it might have is substantially outweighed by prejudice and its potential to mislead the jury.

### B. Plaintiff's Failure to Disclose Jeffrey Baum as a Witness

Plaintiff's proposed witness list includes Jeffrey Baum ("Baum"), who was a job candidate for a position at CSC but was ultimately not hired. [Dkt. 28.] The witness list was filed on December 22, 2014, three weeks after the close of discovery. [*Id.*; Dkt. 12.] Defendant argues that Plaintiff did not list Baum in his initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A), nor did he supplement those disclosures to include Baum. (Def.'s Mem. in Supp. at 4); *see* Fed. R. Civ. P. 26(e)(1). Therefore, Defendant contends Baum should be excluded from testifying at trial under Federal Rule of Civil Procedure 37(c). (Def.'s Mem. in Supp. at 4.)

Federal Rule of Civil Procedure 37(c) states that if a party fails to disclose a witness as required by Rule 26(a) or Rule 26(e), the party cannot use that witness at trial "unless the failure is substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In exercising its "broad discretion" to determine whether nondisclosure of evidence is substantially justified or harmless, a court should be guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F. 3d 214, 222 (4th Cir. 2014) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F. 3d 592, 596-97 (4th Cir. 2003)). The burden of establishing these factors lies with Plaintiff, the non-disclosing party. *Id.*

Here, Plaintiff has not satisfied this burden. As Defendant notes, it did not have an opportunity to depose Baum and therefore is not able to meaningfully prepare for Baum's testimony at trial. (Def.'s Mem. in Supp. at 6.) Plaintiff's assertion that Defendant's counsel questioned both Plaintiff and Finn about Baum, demonstrating that they understood Baum's importance to Plaintiff's theory of the case, falls flat. As the Court understands, there were several depositions in this case discussing several different people and events. Requiring Defendant to have constructive notice of Baum's importance to Plaintiff's theory of the case because his name came up in other depositions is impracticable and opens the floodgates in the future for parties to flout Rule 26's requirements. Additionally, the Court believes any testimony by Baum would not

5

be central to the case. Plaintiff seeks to call Baum to show that Mason was age-biased, as Baum would have been Finn's third hire and was over the age of fifty. (Pl.'s Opp. [Dkt. 50] at 2.) The facts supporting this inference are thin. Plaintiff points to Baum's perception that his interview with Mason did not go well, Baum's age, and the fact that Baum was not hired as evidence of Mason's age bias. (Pl.'s Opp. at 2; see Def.'s Mot. in Limine, Ex. A, at 18-20.) But none of this bears directly on Mason's state of mind, as it all involves Baum and his perception of Mason rather than Mason's words or actions. It is routine practice for many people to interview CSC job candidates and provide feedback on them. (See Pl.'s Opp., Ex. 14 (detailing Baum's interview schedule, which had six people on Baum's interview schedule and attaching the forms interviewers used to evaluate candidates).) Beyond Plaintiff's bare assertion, there is nothing in the record before the Court to suggest that Mason's input was a deciding factor in CSC's decision not to hire Baum, let alone any comments or conduct that would lead the Court to believe that <u>if</u> Mason was a decision-maker, she brought an alleged age bias to bear in making that decision. Therefore, as Baum's testimony is not a critical part of Plaintiff's case, the Court does not see any error in excluding his testimony.

The Court declines to take the approach that the testimony of Baum and Richard Adamonis ("Adamonis") rise and fall together. The remedy for Plaintiff's admitted failure to amend its Rule 26 disclosures is not to exclude one of Defendant's witnesses, but rather to exclude the witness Plaintiff failed to disclose during discovery from testifying at trial. (*See* Pl.'s Opp. at 2 ("[P]laintiff acknowledges that he did not formally amend his initial disclosures to include Mr. Baum.").) Plaintiff has not affirmatively moved to exclude Adamonis as a trial witness, but rather raises Adamonis's exclusion in opposition. (*See* Pl.'s Mot. in Limine [Dkt. 40] at 1-2.) During discovery, defense counsel emailed plaintiff's counsel and said "I need to advise you that we are adding Rich Adamonis to our Rule 26 disclosure. Leahy's termination was not based on any info from Adamonis but if Leahy denies bullying/belittling conduct then Adamonis would be called to rebut." (Pl.'s Opp. at 3.) Defendant does not intend to call Adamonis in its case-in-chief but rather lists Adamonis as a rebuttal witness on its witness list, which was exchanged over a month before trial. [Dkt. 29.] Given that Plaintiff's counsel was on notice before the close of discovery that Adamonis might be a witness, Adamonis is listed on Defendant's timely-filed witness list, and Plaintiff has not affirmatively moved to

7

exclude Adamonis, the Court will not exclude Adamonis's testimony at trial.

### C. Evidence of Communications between Counsel Related to Sunita Holzer's Settlement

Plaintiff's witness list names opposing counsel William H. Jeffress, Jr. ("Jeffress"), Defendant's general counsel William B. Deckelman, and Sunita Holzer's counsel Nicholas Hantzes ("Hantzes") as potential witnesses. [Dkt. 28.] Additionally, Plaintiff's exhibit list has over a dozen documents consisting of emails between Hantzes and Jeffress relating to a claim made by Holzer, CSC's former Vice President for Human Resources, against Defendant in June 2014 and the settlement of that claim two weeks before her deposition in this case. [Dkt. 27.] Holzer is not copied on any of these emails. (*See* Pl. Opp, Exs. 33-42, 44-46.) Presumably, Plaintiff plans to introduce this evidence at trial to impeach Holzer. Defendant seeks an order limiting the impeachment evidence to facts known to Holzer as well as an order that Jeffress is not disqualified as lead counsel because of his designation as a potential witness. (Def.'s Mem. in Supp. at 7.)

To the extent Plaintiff wishes to question Holzer about the settlement with Defendant, he may do so, introducing the fact of settlement, the settlement agreement, and the amount of settlement. However, introducing additional evidence through

8

the involved attorneys' testimony and additional documentary evidence would be cumulative.[1] *See* Fed. R. Evid. 403 (stating that a court may exclude relevant evidence if its probative value is substantially outweighed by the fact that evidence is needlessly cumulative). Therefore, the impeachment evidence is limited to any direct knowledge Holzer had about the settlement. As such, it is no longer necessary to call Jeffress as a witness, and the Court need not reach the question of whether he should be disqualified as lead counsel.

### III. Conclusion

For the foregoing reasons, Defendant's motion in limine is granted. An appropriate order will issue.

|  |  |
|---|---|
| February 25, 2015 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |

---

[1] The Court notes that the settlement agreement constitutes the final memorialization of CSC and Holzer's agreement to settle. Under the parol evidence rule, the emails leading up to the settlement agreement would not be admissible to show the respective intent of the parties in entering into a contract to settle. *See* 11 Williston on Contracts § 33:1 (4th ed. 1993) ("The parol evidence rule is a substantive rule of law that prohibits the admission of evidence of prior or contemporaneous oral agreements, or prior written agreements, whose effect is to add to, vary, modify, or contradict the terms of a writing which the parties intend to be a final, complete, and exclusive statement of their agreement.").

9